GEO. WORK ET AL *v.* J. M. DORSEY ET AL.

**Pleadings—Parties to Suit.**

In a suit to enforce a specific conveyance, for a division of property ordered by a judgment of court, it is proper to join as parties defendant, all persons in possession of the land, by pretended purchase or otherwise.

APPEAL FROM OHIO CIRCUIT COURT.

December 11, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

In 1833 Silas Dexter appears to have been in the occupancy of a tract of land embraced by a patent from the Commonwealth of Virginia to John Dorsey for 12,000 acres of land, dated in 1787, and which was claimed by the heirs of Samuel Work as being also covered by a patent of Ignatious Pigman for 9,000 acres under which they claimed, dated in 1797, and an action of ejectment was brought by Work's heirs against Dexter for the recovery of the land.

Archibald Dorsey being admitted to defend the action it progressed until the 3rd day of October, 1838, when an agreement was entered into by the plaintiffs, the heirs of Work and Archibald Dorsey and Alexander Dorsey, by Philip Triplitt, their attorney, by which a judgment was to be rendered in favor of Work's heirs for the land in dispute, and the same should then be divided between the parties claiming under the conflicting titles of Work and Dorsey, according to terms agreed to by the parties, and a judgment was rendered and the division made by commissioners accordingly.

On the 6th day of April, 1850, John M. Dorsey and others, the children and heirs of said Archibald Dorsey, who had died, and said Alexander Dorsey brought a suit in chancery against the heirs of Work, and others, the complainants alleging that the title of John Dorsey was vested in his son, Thomas Dorsey, by deed, and by the will of the latter it was devised to his widow, Mrs. Elizabeth Dorsey the mother of said Archibald Dorsey and grand-mother of said Alexander Dorsey, the only child of her deceased son, Theodore Dorsey. The bill represented that said Alexander owned 1-7 of the land in controversy and that said Archibald's heirs owned 3-7 of it as follows, viz. 1-7 in his right as one of the children of said Thomas and Elizabeth Dorsey, and the shares of his sister Matilda Sullivan and his brother Nicholas Dorsey by purchase, and that the remaining three sevenths of the title was vested in three other children of said Thomas and Elizabth Dorsey or their descendants, viz. Elizabeth Dorsey who intermarried with Benjamin Berry, Mary Dorsey who intermarried with Samuel Norwood, and Harriet Dorsey who intermarried with John W. Berry.

The object of this suit seems mainly to have been to compel Work's heirs to abide by and perform said agreement of compromise.

The case was heard in October, 1855, as between the plaintiffs and Mrs. Nancy Barnard who claimed part of the land by purchase from part of Work's heirs and was decided in favor of Mrs. Barnard.

And the residue of the cause having been continued on the docket until April, 1859, was then tried, and the court adjudged a conveyance from Work's heirs to the plaintiffs.

Afterwards in October, 1859, on the motion of the plaintiffs an amended petition was filed, making additional parties plaintiffs and defendants. In this amended petition a modification of the former decree was asked on the ground that many of the parties on both sides were dead at the time it was rendered. The plaintiffs further alleged that George Brown, John Withrow and some fifteen others of the newly made defendants were in possession of the land without right and asked in addition to the relief sought · in the original bill that said defendants be required to surrender the possession and also that they be enjoined from committing waste upon the land.

A final judgment was rendered against the parties in possession

of the land, in September, 1866, and they have brought the case to this court.

Various irregularities and errors are suggested as grounds of reversal, which have been considered and are deemed unavailing to the appellants. It seems to us to have been proper to make them parties to the suit against Work's heirs, to quiet and perfect the plaintiffs' title, that their own claims might be litigated which was done, and as it does not appear that either of them stood in a position to successfully resist the claim which the plaintiffs had a right to assert against them under the titles of Dorsey's and Work's heirs united, the court rightly adjudged a recovery against them.

Wherefore the judgment is affirmed.

*McHenry, for appellants.*

*Rodman, Kincheloe, for appellees.*